CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

NEHA NIGAM (ILBN 6327377)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6844
    FAX: (415) 436-7200
    Neha.nigam@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:26-CR-00334 VC |
| Plaintiff, | **MEMORANDUM IN SUPPORT OF UNITED STATES' MOTION FOR DETENTION** |
| v. | Hearing Date: July 29, 2026 |
| ODELL EDWARDS, JR., | Hearing Time: 11:00am |
| Defendant. | Courtroom: F, 15th Floor |
| | Hon. Peter H. Kang |

**INTRODUCTION**

Defendant Odell Mann Edwards, Jr. ("Edwards") possessed a loaded semiautomatic firearm in May 2026 in San Francisco, California despite a Domestic Violence Protective Order prohibiting him from doing so. He has a history of noncompliance with court orders, which led to at least four bench warrants being issued for his arrest, and is a clear danger to the community. In September 2023, he

In May 2026, he was arrested for shoplifting and found with a loaded firearm and separate loaded magazine. He has violated pretrial release conditions in San Francisco County Superior Court case at

UNITED STATES' DETENTION MEMO.    1
3:26-CR-00334 VC

least twice, leading to two Sheriff's warrants.  Because Edwards is a danger to the community and presents a risk of non-appearance in court that no conditions can mitigate, the government respectfully requests the Court order Edwards detained pending trial.

**FACTUAL BACKGROUND**

**I.        Edwards' Repeated Disregard for Court Orders and History of Violence**

Edwards has failed to attend numerous state court hearings and has repeatedly failed to comply with release conditions in a separate San Francisco County Superior Court case, which has resulted in at least four bench warrants and two Sheriff's warrants between 2023 and 2026.

Edwards also has a concerning history of violence.  In May 2026, he possessed a firearm.

**II.       The Charged Offense**

On July 8, 2026, Edwards was indicted on one count of Possession of a Firearm by a Person Prohibited by a Protective Order, in violation of 18 U.S.C. § 922(g)(8).  Edwards made his initial appearance on the indictment on July 27, 2026, at which point the government moved for pretrial detention pursuant to 18 U.S.C. § 3142(f)(1).

**LEGAL STANDARD**

Under the Bail Reform Act of 1984, the Court must detain a defendant before trial without bail where "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community."  18 U.S.C. § 3142(e)(1).  Detention is appropriate where a defendant is either a danger to the community or a flight risk—the government need not prove that both factors are present.  *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).  A finding that a defendant is a danger to the community must be supported by clear and convincing evidence, but a finding that a defendant is a flight risk need only be supported by a preponderance of the

UNITED STATES' DETENTION MEMO.        2
3:26-CR-00334 VC

evidence. *Id.*

"[T]he Bail Reform Act mandates an individualized evaluation guided by the factors articulated in [18 U.S.C.] § 3142(g)." *United States v. Diaz-Hernandez*, 943 F.3d 1196, 1199 (9th Cir. 2019). Those factors are: (i) the nature and circumstances of the offense charged; (ii) the weight of the evidence against the defendant; (iii) the history and characteristics of the defendant, including the defendant's character, physical and mental condition, family and community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings, as well as whether the crime was committed while the defendant was on probation or parole; and (iv) the nature and seriousness of the danger to any person or to the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g); *United States v. Winsor*, 785 F.2d 755, 757 (9th Cir. 1986).

The rules of evidence do not apply at a detention hearing. 18 U.S.C. § 3142(f)(2)(B). It is well-settled that at a detention hearing, the government may present evidence by way of an evidentiary proffer sufficient to make the court aware of the defendant's role in the offense, the weight of the evidence against the defendant, and other relevant factors. *See, e.g., United States v. Salerno*, 481 U.S. 739, 743 (1987).

**ARGUMENT**

Edwards is both a danger to the community and a risk of failing to attend court hearings. *See* 18 U.S.C. § 3142(e)(1). He should be detained pending trial.

**I.    Edwards is a Risk of Non-Appearance in Court**

Edwards is unlikely to appear in court because (1) he has repeatedly violated court orders, including failing to attend numerous court hearings and failing to comply with release conditions (resulting in several bench warrants between 2023 and 2026); and (2) there is a reasonable probability of conviction.

First, Edwards' repeated failures to comply with court orders establish his unwillingness to appear as ordered. There is no evidence to suggest that Edwards will voluntarily appear at hearings or comply with any conditions imposed by this Court, particularly given his previous failures to appear and violations of release conditions. The San Francisco County Superior Court gave Edwards several chances at pretrial release. Each time, Edwards proved his inability to adhere by conditions or to show

up, leading to at least six warrants (four bench warrants, two Sherriff's warrants) being issued for his arrest.  Between 2023 and 2026, he failed to appear at numerous court hearings, failed to appear for a pretrial diversion assessment, and repeatedly failed to comply with electronic monitoring terms (leading to the revocation of electronic monitoring).  The consistent violations throughout the last several years establish a pattern of disregarding court orders.  *See United States v. Santos-Flores*, 794 F.3d 1088, 1092 (9th Cir. 2015) (prior violation of supervised release terms supported defendant's status as flight risk).

Second, Edwards is a significant flight risk because there is a strong likelihood of conviction.  *See United States v. Gebro*, 948 F.2d 1118, 1122 (9th Cir. 1991) (strong evidence of guilt "makes it more likely that he will flee.")  Given the fact that the firearm and ammunition were found on his person, there is a reasonable likelihood that Edwards will be convicted and face a significant term of imprisonment.

## II.    Edwards is a Danger to the Community



## III.    New Bridge Will Not Sufficiently Mitigate the Risk of Non-Appearance and Danger

UNITED STATES' DETENTION MEMO.        4
3:26-CR-00334 VC

Pre Trial Services has recommended Edwards enter treatment at New Bridge.  This recommendation is based on Edwards' mother's belief that he previously used heroin and cocaine in 2022.  But she is unsure of whether he is currently using those substances or the frequency of use.  The defendant himself has not suggested he suffers from substance abuse (upon advice of counsel, declining to answer questions from Pre Trial Services regarding prior substance abuse and prior treatment) and there is no indication he has even expressed interest in a substance abuse program at all.  If he is not interested in such a program, he is unlikely to successfully complete New Bridge (which is the most intensive court-ordered substance abuse program).

There is scant evidence in this case that New Bridge is an appropriate condition of release because of the risk Edwards will leave.  New Bridge is not a restricted facility and does not have location monitoring; residents may leave at any time. ██████████████████████████ ████████████████████████████████████████████ ██████████████████████████████████████████ ████████████████████████████ Even if New Bridge immediately discovers his absence, promptly notifies Pre Trial Services, who then notifies the Court, who issues a bench warrant, and officers locate him, that process would undoubtedly take hours – and may be too late to stop Edwards from making good on his threats.

## CONCLUSION

There are no conditions that will reasonably ensure Edwards' appearance at court proceedings or the safety of the community.  Accordingly, the Court should detain Edwards pending trial.

DATED: July 28, 2026

Respectfully submitted,

CRAIG H. MISSAKIAN
United States Attorney


*/s/ Neha Nigam*
NEHA NIGAM
Assistant United States Attorney

UNITED STATES' DETENTION MEMO.    5
3:26-CR-00334 VC